E-FILED
Tuesday, 19 August, 2014  12:07:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LARRY DUDLEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-1061-SLD-JEH |
| MICHELLE R. EGGERT, | ) |
| Defendant. | ) |

### ORDER

Before the Court is Plaintiff Larry Dudley, Jr.'s Motion to Proceed in Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3. For the reasons outlined below, his Complaint, ECF No. 1, is DISMISSED without prejudice, and both Motions are MOOT.

### DISCUSSION

Dudley is suing an attorney, Michelle Eggert, for "seeking to incarcerate a Sovereign and Natural Free-Man of the land and extort [his] money without a contract threatening [his] liberty."[1] Compl. 2. Elsewhere in the Complaint, he alleges that Eggert "is attempting to violate [his] rights and trying to extort [his] monies." *Id.* at 6. Dudley also repeatedly asserts that he has committed no crime and has not "broken the Treaty 1787." *Id.* at 2, 6. He further alleges, "Case No. 02-F-503 and IV D:C01317874 I have not contracted with the defendant." *Id.* at 6. As a result of Eggert's conduct, Dudley alleges that he has not been able to sleep "causing stress and contention in my home and body." *Id.* He seeks punitive damages and $20,000,000 as compensation for emotional harm, pain and suffering, and loss of enjoyment of life.

---

[1] Dudley names two additional attorneys, Vonachen and Lawless, in the body of his Complaint, but he does not apparently intend that they be parties to the suit.

1

### I. Failure to state a claim

When a plaintiff petitions to proceed in forma pauperis, the court may screen the complaint prior to service on defendants. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). If a screened complaint fails to state a claim on which relief may be granted, the court must dismiss it. 28 U.S.C. § 1915(e)(2)(B)(ii). A district court is "required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) (internal quotation marks omitted) (collecting cases). In this case, Dudley fails to state a claim on which relief may be granted, so the Court is compelled to dismiss his Complaint.

In determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), courts apply the same standard as for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In other words, courts evaluate whether the complaint describes its claims "in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must actually suggest that the plaintiff has a right to relief." *Arnett*, 658 F.3d at 752 (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008)). To do so, the plaintiff's claims must be "plausible," meaning that the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnett*, 658 F.3d at 752 (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Dudley does not provide sufficiently detailed factual allegations to plead plausible claims. The Court is able to draw only two conclusions from his bare-bones assertions: (1) Dudley's claims relate to some court proceedings in which Eggert participated, and (2) he appears to rely on the rhetoric of the sovereign citizens movement in articulating those claims. As to the first conclusion, Dudley's Complaint is fatally vague. It contains no information about the cases he references other than their docket numbers—he does not describe the nature of the cases, when or where they were filed, whether they are still pending, or how they were resolved. Moreover, nothing indicates that were Dudley to supply those missing details, he would be able to state a valid claim over which this Court would have jurisdiction. Allegations against a private citizen for harassment or attempted false imprisonment are generally matters for state court because they do not implicate a federal cause of action.

As to the Court's second conclusion, Dudley is advised that the Seventh Circuit has "repeatedly rejected [litigants'] theories of individual sovereignty, immunity from prosecution, and their ilk." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Sovereign citizen theories are typically raised by defendants in criminal prosecutions or by tax protestors, but courts in this Circuit have summarily rejected them in other contexts as well. *See, e.g., McDonald-Bey v. Springer*, No. 1:12-cv-120, 2012 WL 1424937 (N.D. Ind. Apr. 24, 2012) (rejecting the plaintiff's sovereign citizen challenge to state child support proceedings as "shop worn" and "frivolous," and dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)). Nevertheless, mindful of Dudley's pro se status, the Court will grant him leave to file an amended complaint to address these deficiencies.

## II. Ability to pay

Dudley only partially completed the "short form" application to proceed in forma pauperis. Therefore, the information he submitted is insufficient for the Court to determine his ability to pay the filing fee. The Clerk is directed to mail a copy of AO 239, the "long form" of the application, to Dudley. Dudley must either complete and file Form AO 239, under penalty of perjury, or pay the filing fee along with his amended complaint.

## CONCLUSION

Dudley's Complaint, ECF No. 1, is DISMISSED without prejudice. His Motion to Proceed in Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3, are MOOT. He may file an amended complaint addressing the deficiencies described above. He must file any amended complaint by September 5, 2014, or else his case will be closed. He may renew his motions for in forma pauperis status and appointment of counsel at that time, bearing in mind that he must complete and file Form AO 239 to do so. The Clerk is directed to mail a copy of AO 239 to Dudley.

Entered this 19th day of August, 2014.

                                                                           s/Sara Darrow
                                                                         SARA DARROW
                                           UNITED STATES DISTRICT JUDGE